UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HELEN LE; KHANG NINH, | No. 2:18-cv-203-TLN-EFB PS |
|---|---|
| Plaintiffs, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Their application makes the financial showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

However, determining that plaintiffs may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiffs' complaint must be dismissed for lack of jurisdiction and failure to state a claim.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiffs have also filed a motion for default judgment, which they noticed for hearing

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

---

on May 2, 2018. ECF No. 10. As explained herein, plaintiffs' complaint must be dismissed without leave to amend. Accordingly, the May 2, 2018 hearing is vacated and it is recommended that plaintiffs' motion for default judgment be denied as moot.

authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

This action arises from plaintiffs' unsuccessful attempts to litigate an insurance claim. Liberally construed[3], the complaint alleges that plaintiff Helen Le was allegedly injured in an accident in January 2013. ECF No. 1 at 2. Plaintiffs attempted to settle a claim with Commerce West, an insurance company. *Id*. at 3, 5, 6. After settlement efforts failed, they filed suit in the Yolo County Superior Court. *Id*. at 6. Plaintiffs allege that Commerce West then "abused [its] Power [to] arrest Helen Le at ER hospital," but it not evident from the complaint how her arrest relates to the underlying insurance dispute or state court case, or how Commerce West caused her to be arrested. *Id*.

Plaintiffs' case against Commerce West was transferred to the Sacramento County Superior Court. Plaintiffs allege that the Sacramento Superior Court found that it lacked authority over the case, which was dismissed without a hearing. *Id*. Plaintiffs appealed, but the state appellate court allegedly denied plaintiffs a hearing and an opportunity to submit all their documents. *Id*. Plaintiffs' subsequent attempts to seek review from the California Supreme Court were also unsuccessful.

Thereafter, plaintiffs filed a federal action in this district, purporting to assert claims under the ADA and 42 U.S.C. § 1983 against Jaime Tamayo, the CEO of Commerce West, and Richard McGeevy, an attorney for Commerce West, as well as state court judges, justices, and other state court personnel. *Id*. at 5-6; *see Le v. Anzoe*, 2:16-cv-1447-JAM-AC (PS) (hereafter "*Le I*"), ECF

---

[3] Plaintiffs' complaint is extremely difficult to decipher and review of the document suggests that English is plaintiffs' second language.

No. 14 at 3. That action was dismissed for lack of jurisdiction. *Le I*, 2:16-cv-1447-JAM-AC (PS). Specifically, the district court in *Le I* found that plaintiffs' § 1983 claim was barred by the Rooker-Feldman doctrine and that their ADA claim was sufficiently insubstantial to confer federal question jurisdiction. *Id.*, ECF No. 14 at 4-5. The Ninth Circuit affirmed that holding, finding that plaintiffs' claims were too insubstantial to confer jurisdiction.[4] *Id*, ECF No. 27.

The complaint filed in this action indicates that plaintiffs attempted to seek review from the United States Supreme Court. ECF No. 1 at 6. Their petition, however, was denied as untimely. *Id*. Apparently still unsatisfied with resolution of their state and federal actions, plaintiffs filed the instant case. In this action, they again attempt to assert claims under § 1983 against McGreevy and Tamayo, both defendants in *Le I*. *Id*. at 3. Plaintiffs also purport to allege claims under § 1983 against Michelle Marshal, Lisa Nesbitt, Denny Bickel, and Susan Gelmis, all court personnel working for either the U.S. Court of Appeals for the Ninth Circuit or the United States Supreme Court. *Id*. at 3.

Although plaintiffs' complaint names court personnel as defendants, it is clear that the instant action seeks to challenge the dismissal of *Le I* and the adverse rulings on appeal. This court lacks jurisdiction to review or overturn those decisions. *See Pierce v. Obama*, 2014 WL 4959062, at *2 n.2 (S.D. Cal. Aug. 19, 2014) ("This Court has no authority to 'intercede' in Plaintiff's Eastern District cases, or to review or overturn a decision rendered by another federal" court.); *In re McBryde*, 117 F.3d 208, 223, 225-26 & n. 11 (5th Cir.1997) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.") (quoting *Dhalluin v. McKibben*, 682 F. Supp. 1096, 1097 (D. Nev. 1988)); *see also* 28 U.S.C. § 1291 (providing that the courts of appeal "have jurisdiction of appeals from all final decisions of the district courts of the United States."); 28 U.S.C. § 1254 ("Cases in the courts of appeals may be reviewed by the Supreme Court by . . . writ of certiorari granted upon the petition of any

/////

---

[4] The Ninth Circuit did not address the district court's finding that plaintiffs' section 1983 claims were barred by the Rooker-Feldman doctrine.

party to any civil or criminal case . . . ."). Accordingly, plaintiffs' claims against the defendants employed by the federal judiciary must be dismissed.

As for defendants McGreevy and Tamayo, plaintiffs fail to allege that these defendants engaged in any conduct that could support a claim under section § 1983.  Further, the complaint indicates that these defendants are employed by an insurance company and are not state actors. ECF No. 1 at 3, 5; *see West v. Atkins*, 487 U.S. 42, 48 (1988) (section 1983 requires that the alleged violation was committed by a person acting under the color of state law).  Accordingly, plaintiffs fail to allege a § 1983 claim against defendants McGreevy and Tamayo.

The only remaining issue is whether plaintiffs should be given leave to amend. The court notes that the instant action is plaintiffs' second attempt to assert claims against defendants McGeevy and Tamayo. *See Le I*, 2:16-cv-1447-JAM-AC. Furthermore, there is no basis for jurisdiction over the claims asserted against the remaining defendants. Accordingly, granting plaintiffs leave to amend their complaint would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' motion to proceed *in forma pauperis* (ECF No. 2) is granted; and

2. The May 2, 2018 hearing on plaintiffs' motion for default judgment is vacated.

Further, it is RECOMMENDED that

1. Plaintiffs' complaint be dismissed without leave to amend;

2. Plaintiff's motion for default judgment (ECF No. 10) be denied as moot; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2018.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE